IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| KEVIN TOLBERT, | * | |
| | * | |
| Petitioner, | * | |
| v. | * | Civil Case No. SAG-21-179 |
| | * | |
| DIRECTOR OF THE FEDERAL BUREAU OF PRISONS, et al. | * | |
| | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Petitioner Kevin Tolbert has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] Mr. Tolbert argues that the Bureau of Prisons ("BOP") has improperly calculated his sentence and, correspondingly, his release date. ECF 8, 9. Although Mr. Tolbert initially filed his petition before this Court, ECF 1, this Court granted the BOP's motion to transfer venue to the United States District Court for the Eastern District of Pennsylvania after Mr. Tolbert was relocated to a halfway house in Philadelphia. ECF 7. The Honorable Anita Brody ordered the government to respond to Mr. Tolbert's petition, which it did on October 22, 2021. *Tolbert v. Warden, et al.*, No. 2:21-cv-3535-AB, ECF 12 (E.D. Pa. Oct. 22, 2021). When Mr. Tolbert was again relocated to FCI Cumberland, Judge Brody transferred his petition back to this Court because, under 28 U.S.C. § 2241(a), district courts only have power to grant habeas relief "within their respective jurisdictions." *Tolbert v. Warden, et al.*, No. 2:21-cv-3535-AB, ECF 14 (E.D. Pa. Dec. 3, 2021). This Court is in receipt of all filings in this case, including all of those filed in the

---

[1] Because Mr. Tolbert challenges the computation of his sentence, his habeas petition is properly construed under 28 U.S.C. § 2241. *See Setser v. United States*, 566 U.S. 231 (2012).

Eastern District of Pennsylvania.  ECF 8.  Mr. Tolbert has also supplemented his petition several times.  *See* ECF 4, 8, 9.  This Court has read and carefully considered all of the filings in this case.  Although Mr. Tolbert has requested a hearing, for the reasons that follow, no hearing is necessary.  Loc. R. 105.6 (D. Md. 2021).  Mr. Tolbert's petition will be denied.

I.       FACTUAL BACKGROUND

On January 18, 2012, Judge Brody sentenced Mr. Tolbert to a term of 105 months' imprisonment in relation to his conviction of unlawfully possessing a firearm under 18 U.S.C. § 922(g)(1).  *United States v. Kevin Tolbert*, No. 11-cr-116-AB, ECF 39 (E.D. Pa. Jan. 24, 2012).  He was given credit for 528 days he spent in pretrial detention.  ECF 9-1 at 17.  Then, on December 22, 2014, while Mr. Tolbert was serving his 105-month sentence, Judge Brody sentenced him in connection to his convictions for Hobbs Act robbery and for using and carrying a firearm during a crime of violence under 18 U.S.C. § 924(c).  *United States v. Kevin Tolbert*, No. 12-cr-506-AB, ECF 57 (E.D. Pa. Dec. 24, 2014).  Judge Brody sentenced Mr. Tolbert accordingly: "120 months as follows.  60 months incarceration on count one of the indictment to run concurrently with the sentence imposed in CR 2011-116-1.  60 months incarceration on count two to run consecutively to count one."  *Id.*

Accordingly, the BOP has calculated Mr. Tolbert's sentence as an aggregated term of incarceration of 165-months.  ECF 8 at 21.  If Mr. Tolbert receives all good time credits available to him, BOP projects that he will be released on June 6, 2022.  *Id.* at 27.  Notably, however, at one point the BOP had projected Mr. Tolbert's release date as September 24, 2021, based on its calculation that his aggregated sentence was 12 years, 11 months, and 4 days.  *See* ECF 9-2 at 43.

## II. LEGAL STANDARD

The Attorney General, through the BOP, has the responsibility to administer a sentence once it has been imposed by a United States District Court. 18 U.S.C. § 3621(a); *Untied States v. Wilson*, 503 U.S. 329, 335 (1992). As such, the BOP has been delegated the authority to calculate federal sentences. 28 C.F.R. § 0.96; *see Martinez v. Stewart*, No. GJH-18-3940, 2020 WL 5106712, at *3 (D. Md. Aug. 29, 2020).

Under 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Moreover, a federal sentence may not begin on a date earlier than the date on which it is imposed. *See* 18 U.S.C. § 3585(b); *see also Martinez*, 2020 WL 5106712, at *3.

## III. ANALYSIS

Mr. Tolbert argues that the BOP has improperly calculated his sentence. To calculate his sentence, he argues that the BOP should take the 35 months of time between the beginning of his first sentence (on January 18, 2012) and the imposition of his second sentence (on December 22, 2014) and add it to his second sentence of 120 months to arrive at an aggregate sentence of 155 months. ECF 9-2 at 14. Mr. Tolbert argues that a 155-month sentence beginning on January 18, 2012, when adjusted for his 528 days of credit, would result in a projected release date of September 24, 2021 (the date the BOP, at one point, had projected for his release). *Id.*

This is simply not how the BOP calculates an aggregate sentence. The BOP has a defined procedure for calculating an aggregate sentence in Mr. Tolbert's precise scenario—where a defendant is sentenced on a Section 924(c) conviction and an underlying substantive offense while

3

already serving a previously imposed term of incarceration. The BOP's Program Statement 5880.28, Sentence Computation Manual, states:

> If a new law[2] sentence exists at the time the 924/non-924 sentence is imposed and the 924 count is to be served consecutively to the other counts in that J&C and to the existing new law sentence, then the non-924 count may be served concurrently with the existing sentence, if so ordered by the court.
>
> When the non-924 count is concurrent, the aggregate calculation shall be performed as follows:
>
> 1) Add the 924 term to the existing new law term, for a total aggregate term.
> 2) Add the aggregate term to the DCB [Date Computation Begins] of the first sentence to establish a 'raw' EFT [Expiration Full Term] date.
> 3) Subtract the total term of the 924/non-924 sentence from the just established 'raw' EFT date to arrive at a DCB.
> 4) Calculate the aggregate sentence.
>
> If the DCB is on or after the date the 924/non-924 sentence was imposed, add the term of the 924 count to the term of the existing new law sentence for a total aggregate term. Calculate the aggregate sentence using the DCB of the first sentence.

BOP Program Statement 5880.28, Sentence Computation Manual, at Ch.1 at page 1-37d.

Mr. Tolbert was serving a 105-month "new law" sentence at the time his second sentence was imposed. His 60-month Hobbs Act robbery sentence was ordered to run concurrently to that 105-month sentence, and his 60-month sentence under Section 924(c) was ordered to run consecutively to the Hobbs Act robbery sentence. *United States v. Kevin Tolbert*, No. 12-cr-506-AB, ECF 57 (E.D. Pa. Dec. 24, 2014). Accordingly, under Step 1 of the calculation method set forth above, his 60-month Section 924(c) sentence is added to his existing 105-month sentence, yielding a total aggregate term of 165 months. Under Step 2, 165 months is added to the date of imposition of Mr. Tolbert's first sentence, which results in a "raw EFT" date of October 18, 2025. Under Step 3, the BOP then subtracts 120 months from that date (the total term of the 924/non-

---

[2] The BOP defines a "new law" sentence as one that was imposed on or after November 1, 1987. BOP Program Statement 5880.28, Sentence Computation Manual at 1-5.

924 sentence), which is October 18, 2015.  Because October 18, 2015 is "after the date the 924/non-924 sentence was imposed" (which was December 22, 2014), the BOP "add[s] the term of the 924 count to the term of the existing new law sentence for a total aggregate term" and then "[c]alculate[s] the aggregate sentence using the DCB of the first sentence."  Thus, Mr. Tolbert's aggregate sentence is a 165-month term of imprisonment beginning on January 18, 2012.  Mr. Tolbert's most recent sentence computation data indicates this is exactly how the BOP has calculated his aggregate sentence.  *See* ECF 8 at 27 (showing "Total Term in Effect" of 165 months and listing January 18, 2012 as the "Date Computation Began").  Accounting for Mr. Tolbert's credit for his pretrial detention, and his good conduct disallowances, the BOP has determined that his projected release date is June 6, 2022.  ECF 8 at 27.

  Mr. Tolbert argues this calculation method violates the rule that a sentence may not begin on a date before the date of its imposition.  However, because the law requires Mr. Tolbert's sentence to be aggregated into a single term of imprisonment, the BOP's method of calculation does not seem to require Mr. Tolbert's second sentence to begin before it was imposed; it simply requires it to be aggregated with the first sentence into a single sentence, the start date for which is determined by applying the formula set forth above.  Moreover, if Mr. Tolbert's theory were correct, it would seemingly work to his distinct disadvantage because, presumably, his proposed 155-month sentence would be required to begin on December 22, 2014 (the date the 120-month sentence was imposed).

  The Court is not clear on why the BOP had ever projected Mr. Tolbert's release date for September 24, 2021 based on an aggregated sentence length of 12 years, 11 months, and 4 days.  And this Court does not doubt that this previous (and apparently erroneous) calculation has led to substantial confusion and frustration for Mr. Tolbert.  Nonetheless, the BOP's current calculations

appear to comport with its policies for calculating aggregated sentences and, though not necessarily dispositive, Judge Brody's intent when she imposed Mr. Tolbert's sentence.

**IV.     CONCLUSION**

For the foregoing reasons, Mr. Tolbert's petition will be denied. A separate order follows.


Dated: February 7, 2022                                       /s/
                                                        Stephanie A. Gallagher
                                                        United States District Judge